UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTEZ DWIGHT MCKEE,

    Plaintiff,                                           Civil No. 24-cv-13370
                                                     Hon. Matthew F. Leitman

v.

WAYNE COUNTY SHERIFFS, *et al.*,

    Defendants.

_____/

**<u>ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); (2) RESOLVING PLAINTIFF'S PENDING MOTIONS (ECF Nos. 5, 7, 9, 10, 13); AND (3) DIRECTING PLAINTIFF TO FILE SERVICE DOCUMENTS WITH THE COURT</u>**

Plaintiff Martez Dwight McKee is a state inmate confined at the Wayne County Jail in Detroit, Michigan. On December 17, 2024, McKee filed a *pro se* civil-rights Complaint in this Court pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Now pending before the Court are several motions that McKee has filed, including motions for a permanent restraining order and to effectuate service of his Complaint. He has also filed an application to proceed *in forma pauperis* ("IFP") due to his indigency. (*See* IFP Application, ECF No. 2.)

For the reasons explained below, the Court (1) **GRANTS** McKee's application to proceed IFP (ECF No. 2) and his motion to order his custodian(s) to set aside twenty percent (20%) of all of future deposits in McKee's jail trust account

1

to pay the filing fee in this action (ECF No. 10), (2) **GRANTS** McKee's motion for service of his Complaint (ECF No. 5), (3) **DENIES** McKee's motion for a permanent restraining order **WITHOUT PREJUDICE** (ECF No. 9), (4) **TERMINATES** McKee's remaining motions (ECF Nos. 7, 13) as **MOOT**, and (5) directs McKee to file certain documents with the Court so that the United States Marshals Service may serve his Complaint on the Defendants.

# I

## A

The Court begins with McKee's application to proceed IFP (*see* IFP Application, ECF No. 2) and his related motion to have the custodian(s) of his jail trust account set aside twenty percent (20%) of his future deposits so that those funds can be used to pay the filing fee in this action. (*See* Mot., ECF No. 10.) Both McKee's IFP application and his motion to set aside funds for the filing fee are **GRANTED**.

Under the Prison Litigation Reform Act, a prisoner may bring a civil action IFP if he files an affidavit of indigency and a certified copy of his jail trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). McKee filed an application to proceed IFP (*see* ECF No. 2), but he did not include a certified trust fund account statement as required by 28 U.S.C. § 1915(a)(2). McKee says that he requested that account statement

from the Wayne County Jail, but the jail never provided him a statement to submit to the Court. McKee insists that he has filed grievances in an effort to obtain an account statement, but those grievances have not been successful. This appears to be an ongoing issue with the Wayne County Jail.

A district court has the discretion to grant or deny a plaintiff's application to proceed IFP. *See Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988). Here, McKee alleges that he has made diligent, unsuccessful efforts to obtain and submit his trust account statement to no avail. In light of McKee's reasonable efforts to obtain his trust account statement, the Court **GRANTS** McKee's application to proceed IFP. *See McDowell v. Washington*, No. 24-cv-10382, 2024 WL 1200947, at *1 (E.D. Mich. Mar. 20, 2024) (granting application to proceed IFP where plaintiff made diligent, but unsuccessful, efforts to obtain jail trust account statement).

In addition, the Court **GRANTS** McKee's motion to order his jail custodian(s) to set aside twenty percent (20%) of all future deposits to McKee's jail trust account (ECF No. 10) so that McKee may pay the filing fee in this action. The Court will assess and, if funds exist, collect an initial partial filing fee, consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to McKee's account, or (2) the average monthly balance in McKee's account for the preceding six (6) months. After McKee pays the initial partial filing fee, McKee must make monthly payments of twenty percent (20%) of the preceding month's income

3

credited to his account. *See* 28 U.S.C. § 1915(b)(2). The Court therefore **ORDERS** the agency having custody of McKee to: (1) withdraw or set aside the initial partial filing fee from McKee's jail trust fund account; (2) forward that amount to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to McKee's account to the Clerk of this Court until McKee has paid the entire filing fee.

**B**

The Court next turns to two motions that McKee has filed in which he asks the Court to order the Defendants to provide him with (1) a certified jail trust account statement and (2) grievances he filed related to the failure to provide him his trust account statement. (*See* Motions, ECF Nos. 7, 13.) These motions relate primarily to McKee's application to proceed IFP. Because the Court has granted McKee's application to proceed IFP and has ordered his custodian(s) to forward partial payments of the filing fee to the Court as described above, the Court will **TERMINATE** these motions **WITHOUT PREJUDICE** as **MOOT**. *See e.g. Ewing v. Wayne Cnty. Sheriff,* No. 22-cv-11453, 2023 WL 2667732, at *3 (E.D. Mich. Mar. 28, 2023) (denying similar motions as moot).

4

## C

Next, the Court turns to McKee's motion for a permanent restraining order. (*See* Mot., ECF No. 9.) In that motion, McKee alleges several constitutional violations: (1) that he has been physically assaulted by deputies, (2) that the sheriff has failed to protect him from the assaults, (3) that he is being denied access to the courts, and that (4) that he is being denied pencils and paper. (*See id.*) The Court **DENIES** this motion **WITHOUT PREJUDICE**.

To the extent that McKee claims that he is being denied access to the courts and denied pencils and paper that he needs to draft legal correspondence, those claims are belied by the multiple motions and other filings that McKee has been able to make in this case. The Court is therefore not persuaded, at this time, that he is entitled to permanent equitable relief based on his claim that he is being denied access to the courts. McKee may renew his motion if future actions by the Defendants warrant renewal.

To the extent that McKee claims that he has been physically assaulted, and that the sheriff has failed to adequately protect him, those claims are not raised in his Complaint, and they therefore are not currently part of this case. Cf. *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024) ("When deciding whether a complaint fails to state a claim upon which relief can be granted, a court should typically limit itself to the well-pleaded allegations within the complaint's four corners") (internal

5

citation omitted). The Court therefore **DENIES** relief on those claims **WITHOUT PREJUDICE**. If McKee files an Amended Complaint against a properly-named Defendant that includes the allegations raised in his motion, McKee may filed a renewed motion at that time.

### D

Next, McKee has filed a motion to effectuate service of his Complaint. (*See* Mot., ECF No. 5.) The Court **GRANTS** that motion. At the same time that the Court issues this order, the Court will issue a separate order **DIRECTING** McKee to submit certain documents and information to the Clerk of the Court so that the United States Marshals Service can serve the Defendants with the Complaint. The Complaint cannot be served by the Marshals Service without the information identified in that order, so it is important that McKee follow and comply with those instructions upon receipt of the order. If McKee fails to follow the directions in that order, the Court will dismiss his Complaint without prejudice.

### II

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

(1) McKee's application to proceed IFP (ECF No. 2) is **GRANTED;**

(2) McKee's motions to have his custodian(s) set aside funds from his jail trust account to pay the filing fee and for service of his Complaint (ECF Nos. 5, 10) are **GRANTED**;

(3) McKee's motion for a permanent restraining order (ECF No. 9) is **DENIED WITHOUT PREJUDICE**; and

(4) McKee's remaining motions (ECF Nos. 7, 13) are **TERMINATED AS MOOT**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126