**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTEZ DWIGHT McKEE,

*Plaintiff,*

*v.*

WAYNE COUNTY SHERIFFS,
T. STREET, COUNTY OF WAYNE,

*Defendants.*
________________________________/

Case No. 2:24-cv-13370

Matthew F. Leitman
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER DENYING MOTION FOR BENCH TRIAL WITHOUT PREJUDICE (ECF No. 48)**

On December 17, 2024, Plaintiff McKee filed this civil rights complaint averring claims under 42 U.S.C. § 1983 and state law claims. (ECF No. 1). Plaintiff's complaint did not include a jury demand. Defendants' answer to the complaint filed on May 20, 2026, did include a jury demand. (ECF No. 37, PageID.100; ECF 39, PageID.110). On October 14, 2026, Plaintiff filed the instant motion for bench trial, noting that he "has never asked for a jury trial and does not wish to have one." (ECF No. 48). Defendants have not responded to the motion.

Fed. R. Civ. P. 38(a) preserves the right to jury trial by providing that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate." The Rule

further provides that a "party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). Here, although Plaintiff has not made a proper demand for a jury trial and has moved for a bench trial, Defendants have filed a demand for jury trial and have not consented to a bench trial or otherwise withdrawn their demand for jury trial. Because all parties must consent to withdraw a jury demand and they have not, Plaintiff' motion must be denied without prejudice to Plaintiff obtaining consent from the Defendants. *Williamson v. Univ. of Louisville*, No. 20-cv-266, 2023 WL 3807040, at *1 (W.D. Ky. June 2, 2023); *Lapine v. Omega Plex, Inc.*, No. 18-cv-028, 2019 WL 569319, at *1 (D. Utah, Nov. 4, 2019) (citing Rule 39's requirement that trial by jury must be provided as demanded unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record").[1]

Accordingly, Plaintiff motion for bench trial is **DENIED WITHOUT PREJUDICE** until Plaintiff or the Court obtains consent of the Defendants.

**IT IS SO ORDERED**.

Date: November 12, 2026

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

---

1.Waiver has been found where a party failed to object to a pretrial order scheduling a bench trial. *Mensah v. Shepard*, 945 F.2d 404, at *1 (6th Cir. Oct. 1, 1991). But no such scheduling order has issued in the instant case.